ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2022-May-11  16:22:06
46CV-22-209
C08SD02 : 4 Pages

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## EIGHTH SOUTH CIRCUIT, DIVISION ___

**MITZI D. FARCHETTE**                                                      **PLAINTIFF**

**vs.**                                     **CAUSE NO. 46DR-22-____**

**THE PRUDENTIAL INSURANCE**
**COMPANY OF AMERICA**                                            **DEFENDANT**

---

## ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **Mitzi D. Farchette**, and makes and files this her Original Complaint against Defendant, The Prudential Insurance Company of America, and would show as follows:

### I.

1.01    Plaintiff, Mitzi D. Farchette, is an individual residing in Miller County, Arkansas.

1.02.    Defendant, The Prudential Insurance Company of America, is a foreign-for-profit corporation duly incorporated in the state of New Jersey.  Said entity lists its principal address with the Arkansas Secretary of State as 751 Broad St., 21st Floor, Newark, New Jersey 07102.  As such, summons should be issued on the President/CEO/Registered Agent at said address.

### II.

All or a substantial portion of the events made the basis of this lawsuit occurred in Miller County, Arkansas.  As such, venue and jurisdiction are proper in this Court.

### III.

3.01    Plaintiff was the sole beneficiary on Prudential Life Insurance Company policy number ending 822, hereinafter ("the Policy"), insuring the life of her father, Randy Q. Hinton,

**EXHIBIT**
**A**

hereinafter ("Hinton").  Hinton passed away on or about December 15, 2020, at the age of sixty (60) years.  Plaintiff is the sole surviving child of Hinton.

3.02.    Upon information and belief, Hinton procured the Policy from Defendant by and through its agent in Miller County, Arkansas.  Following Hinton's death, Plaintiff made contact with Defendant in an effort to file a claim under the Policy.  On or about October 29, 2021, Plaintiff received written notification that her claim was being denied based upon the Policy language.  Subsequent thereto, Plaintiff made request upon Defendant for a copy of the Policy, as well as specific reference to any provisions therein upon which they based their claim for denial of coverage.  To date, Defendant has knowingly and intentionally failed and refused to either provide Plaintiff a copy of the Policy or direct her to any specific language therein forming the basis for its denial of her claim.

3.03.    Plaintiff was required to retain legal counsel in an effort to secure Defendant's compliance with her requests; however, Defendant's blatant refusal to provide the requested information and documents continue, thus necessitating the present action.

IV.

## A.  Claims Against Defendant

4.01    Plaintiff would incorporate Article III herein and assert the following cause of action against Defendant based on its actions directed at Plaintiff; specifically, Plaintiff would assert the following acts or omissions against Defendant which proximately caused Plaintiff's injury and damage.

## Breach of Contract

4.02.    Plaintiff's father entered into a valid contract with Defendant.  Plaintiff's father fully performed under the contract but, despite such performance, Defendant wholly defaulted.  As

a direct and proximate result of Defendant's breach, Plaintiff has suffered injury and damage as a third-party beneficiary of said contract.

### Conversion of Personal Property

4.03.    Plaintiff owned, possessed or had the right to immediate possession of personal property.  Defendant wrongfully exercised dominion and control over said property and destroyed it.  As a direct and proximate result thereof, Plaintiff has suffered injury and damage.

### Declaratory Judgment

4.04.    Pleading strictly in the alternative, Plaintiff would seek a judicial declaration of her rights and entitlement to the proceeds from the referenced life insurance policy.

## V.

5.01.    As a direct and proximate result of Defendant's acts and omissions directed at Plaintiff, Plaintiff has suffered actual injury and damage.

5.02.    Due to the conduct of Defendant, Plaintiff has been compelled to engage the services of an attorney to prosecute this action against Defendant.  As such, Plaintiff is entitled to recover a reasonable sum for the necessary services of her attorneys and for her costs of court in prosecuting this cause against Defendant.  Notice is hereby provided that Plaintiff will seek attorney's fees and court costs through trial to the extent provided by law.

5.03.    Due to the extreme nature of Defendant's conduct which was committed with malice aforethought, Plaintiff would seek the imposition of punitive damages to deter future such actions.

## VI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Mitzi D. Farchette, prays that Defendant, The Prudential Insurance Company of America, be cited to appear and that, upon final

trial, Plaintiff have the following:

1.   Judgment against Defendant for a sum within the jurisdictional limits of this Court;

2.   Actual and/or nominal damages;

3.   Prejudgment and post-judgment interest as provided by law;

4.   Punitive damages;

5.   Declaratory Judgment;

6.   Attorney's fees and court costs; and

7.   Such other relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

THE GLASS FIRM, PLLC
5325 Summerhill Road
Texarkana, Texas  75503
TEL:  903/334-7321 · FAX:  903/334-7320

By:   */s/ C. David Glass*
C. DAVID GLASS
Arkansas Bar No. 2003030
Texas State Bar No. 24036642
E-Mail: dglass@glasslawoffice.com

ATTORNEYS FOR PLAINTIFF,
MITZI D. FARCHETTE